## Wright v. Hall.

(Decided September 24, 1912.)

### Appeal from Letcher Circuit Court.

Fraud—One Bound by Compromise Agreement When Result of Fraud.—Where it appears that Hall was the instigator of a compromise and a sale of land to Wright and that he received from Wright $2,000.00 of the purchase price, pretendedly for himself and his eight brothers and sisters, it was error in an action by

the children to set aside the compromise agreement to give judgment in Hall's favor for his one-ninth interest in the land. He was bound by the conveyance to Wright. He was the main cause of the transaction and received more than the value of his share of the land. (See 121 Ky., 16; 137 Ky., 39.)

E. E. HOGG, D. D. FIELDS and S. B. DISHMAN for appellant.

SALYERS, BAKER & WAKEFIELD for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This is the third time this case, in some of its aspects, has been before this court. In 1885, Eli Hall, Sr., and his wife, Nancy Hall, conveyed to their son, Joseph Hall, and his children, about fifteen hundred acres of land. In about the year 1893, Joseph Hall purchased a machine from the Altman and Taylor Machine Company, and he and his wife executed a mortgage to the machine company upon this land to secure the purchase price of the machine. The company enforced the lien, and at the sale the machine company became the purchaser of the land, and by subsequent court orders, were placed in possession of it and held it until after the death of Joseph Hall in 1900, at which time the children instituted an action to recover it. During the time the machine company held the land, it filed an action against the children of Jaseph Hall for the purpose of quieting its title. It alleged that the children were setting up claim of ownership to the land. That action progressed for some time, and attorneys Morgan and Wooton represented the children, having been employed by Eli Hall, the eldest son, who pretended to represent his and his brothers' and sisters' interests in the action. That case was compromised, or pretended to be, and an order of court was made quieting the machine company's title, and John W. Wright took a quit-claim deed from the machine company, paid off the claim of the company which amounted, with interest, to about $2,600.00; paid the claim of Morgan and Wooton, which was $500.00, and paid to Eli Hall, Jr., about $2,000.00, which he received, pretendedly, for himself, his brothers and sisters. After the above took place, the children of Joseph Hall instituted this action claiming they were the owners of the land; that the pretended compromise was a fraud upon their rights; that it was made without any authority from them or either of

them, and was perpetrated by their brother, Eli Hall, Morgan & Wooton, the machine company and John W. Wright, and that they received no part of the consideration. A demurrer was filed to this petition and sustained, the court construing the deed from Eli Hall, Sr., and wife to Joseph Hall and his children as having passed the fee to Joseph Hall. From that judgment an appeal was granted, and this court reversed the ruling of the lower court, and said that the deed gave Joseph Hall only a life estate with remainder to his children in fee. (Hall, &c. v. Wright, 121 Ky., 16.) On a return of the case, additional pleadings were filed and much testimony taken, and the lower court again decided the case against the children and dismissed their action, and an appeal was again prosecuted and the case reversed. (Hall, &c. v. Wright, &c., 137 Ky., 39.) On a return of the case, the lower court set aside the former judgment which was in favor of appellants and rendered a judgment for appellees, namely, the nine children of Joseph Hall, and this appeal is prosecuted from that judgment by John W. Wright, who claims that he should have been adjudged a lien on the land for the amount he paid to Eli Hall, Jr., for himself, his brothers and sisters. As to all the children of Joseph Hall, except Eli, the eldest son, it is sufficient to say that the record discloses that they never received any part of the money paid by Wright to their brother and that they had no part in the matter of compromise with the machine company. The record disclosed that Eli Hall, Jr., was the instigator of the compromise agreement and the sale of the land to John W. Wright; that he received from Wright about $2,000.00 of the purchase price, and it was error for the lower court to give judgment in his favor against Wright, for his one-ninth interest in the land. He was certainly bound by the sale and conveyance from the machine company to Wright, as he was the main cause of the transaction and received of the purchase money more than the value of his share in the land, and a court of equity should not allow him to hold the land and also the amount received for it. We presume this error of the lower court was caused by the following language used near the close of the opinion referred to, to-wit:

"It follows, from what we have said, that the judgment must be reversed, and, as all the questions re-

specting the title to the property in question have been fully considered and determined by us, there will remain nothing to be done when the case returns to the trial court but to enter judgment for the appellants.''

It seems that Eli Hall's name wrongfully appeared as one of the appellants. It appears from the record that the whole case was founded and prosecuted upon the idea that Eli Hall and his co-defendants had entered into a conspiracy to defraud the eight children of Joseph Hall out of their property; that Eli Hall had received and used for his own purposes, $2,000.00, which he obtained as a result of that fraud.

The word, ''appellants,'' as used in the opinion from which the above quotation is taken, was not meant to include Eli Hall, but only had reference to the other children of Joseph Hall, who were defrauded by Eli Hall and others, and it is very evident that the court did not intend to treat Eli Hall as one of the appellants, at the time the opinion was written, for it said:

''It is shown indisputably that Eli Hall was without any sort of authority from his brothers and sisters to compromise the case. That he did so on his own responsibility and in fraud of the rights of his brothers and sisters, is practically admitted, or, at least, not denied.''

The same opinion further states:

''Eli Hall had no greater authority than if he had been a regular attorney, and, therefore, he had no authority to act for them (his brothers and sisters) in compromising the action. This being true, the judgment which is sought to be vacated in this action was a fraud upon the rights of the appellants (other than Eli Hall), and brings the case directly within the purview of section 518 of the Civil Code of Practice, which authorizes in such cases the granting of a new trial.''

It is positively certain that the court never intended to give Eli Hall his one-ninth interest in the land, and also allow him to retain the $2,000 he was paid, pretendedly for his, his brothers' and sisters' interest in the land. It was so unreasonable that he should sue for his interest, under the circumstances, that the court did not notice, when writing the opinion referred to, that his name was among the appellants, therefore, did not intend to direct a judgment in his favor. The whole

opinion and the facts in the record show conclusively that he' ought not to have been an appellant.

For these reasons, the judgment is reversed and case remanded with the direction to the lower court to render judgment in favor of the eight children of Joseph Hall and in favor of appellant, Wright, against Eli Hall for his one-ninth interest in the land.